# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PROLACTA BIOSCIENCE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PROLACT LTD.<br><br>    Defendant. | Case No. 2:24-cv-10392-WLH-E<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT [97]** |

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that Plaintiff Prolacta Bioscience, Inc. ("Plaintiff") filed its Original Complaint in this action on December 3, 2024, and that defendant ProLact Ltd. ("Defendant") was served with the Complaint and, through counsel, appeared on April 2, 2025; and

It further appearing that the parties have agreed to settle and resolve this matter without further formal proceedings herein, and, as indicated by the signatures below, have consented to entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the consent of counsel for Plaintiff and counsel for Defendant, as indicated below, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Defendant. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff's First Amended Complaint states causes of action against Defendant for trademark infringement, contributory trademark infringement, unfair competition, contributory unfair competition, false designation of origin, contributory false designation of origin, false descriptions, and contributory false descriptions in violation of sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); and trademark infringement, contributory trademark infringement, unfair competition, and contributory unfair competition under state common law.

3. Without the consent of Plaintiff, Defendant has advertised and offered to sell goods bearing a PROLACT mark with a design in the United States. Defendant has further demonstrated a continued desire to sell these goods in the U.S. market either directly or indirectly through its distributors.

4. Defendant's actions as described above are likely to cause confusion and violate Plaintiff's rights under the Lanham Act and state law.

5. Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them are hereby **PERMANENTLY ENJOINED** from:

    i. Selling any nutritional, milk-based, prebiotic or probiotic dietary or fortifier products bearing the ProLact mark, or similar marks, in the United States;

    ii. Using the ProLact mark, or similar marks, in offers to sell or advertisements for nutritional, milk-based, prebiotic or probiotic dietary or fortifier products directed to consumers in the United States;

    iii. Registering or pursuing registration of ProLact and similar marks in connection with any nutritional, milk-based prebiotic or probiotic dietary supplements or fortifier products in the United States; and

    iv. Taking any action for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs (i), (ii) and (iii).

6. The parties having agreed to a confidential settlement agreement that resolves Plaintiff's claims, and no award is included in this Final Judgment.

7. Judgment is hereby entered in favor of Plaintiff as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that

this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

8. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

9. This Final Judgment shall be deemed to have been served on Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**IT IS SO ORDERED.**

Dated: November 25, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

4